| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

JERMAINE WEBSTER HARRIS, §
§
    Movant, §
§
*versus* § CIVIL ACTION NO. 4:21-CV-534
§     (4:16-CR-25(2))
UNITED STATES OF AMERICA, §
§
    Respondent. §

**MEMORANDUM ORDER**

Pending before the court is Movant Jermaine Webster Harris' ("Movant") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (#1) and a Supplemental Brief (#7). The Government filed a Response in opposition (#13). Movant filed a Reply on January 6, 2022 (#14) and a Motion to Supplement Brief on June 9, 2023 (#22). Having considered the motion, the Government's response, Movant's reply, Movant's supplemental brief, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.    Background

By way of a First Superseding Indictment entered October 12, 2016, Movant was charged with one count of Conspiracy to Commit 924(c) - Use, Carry, Possess Firearms During, in Relation to, and in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(o) (Count One); one count of Conspiracy to Commit Theft of Firearms in violation of 18 U.S.C. § 371 (Count Two); Conspiracy to Possess Stolen Firearms in violation of 18 U.S.C. § 371 (Count Three); two counts of Carjacking in violation of 18 U.S.C. § 2119 (Counts Four & Eight); two counts of Use, Carry, and Possess Firearms During, in relation to and in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c) (Counts Five & Nine); five counts of Theft of

Firearms in violation of 18 U.S.C. § 924(l) (Counts Six, Ten, Twelve, Fourteen & Sixteen); and five counts of Possession of a Stolen Firearm in violation of 18 U.S.C. § 922(j) (Counts Seven, Eleven, Thirteen, Fifteen & Seventeen). *United States v. Harris*, 4:16-CR-25(2) (#68). After a nine day jury trial, the jury found Movant guilty on all seventeen counts of the First Superseding Indictment on May 25, 2017 (#186). On May 4, 2018, Movant was sentenced to a 744-month term of imprisonment (#272). Movant filed a Notice of Appeal and on July 21, 2020, the Fifth Circuit Court of Appeals affirmed the conviction and sentence (#305); *see also United States v. Harris*, 960 F.3d 689 (5th Cir. 2020).

Movant filed the above-referenced motion to vacate, set aside or correct sentence on July 12, 2021. *Harris v. United States*, 4:21-CV-534 (#1). Movant alleges the following:

1. His conviction for conspiracy to commit the use, carry, possess firearms during, in relation to, and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o) is not a predicate crime of violence; and

2. Trial counsel failed to properly cross-examine some government witnesses.

*Id*.[1]

Respondent was ordered to Show Cause on July 27, 2021 (#3) and filed a Response on December 1, 2021 (#13). Respondent argues both claims lack merit. *Id*. Movant filed a Reply on January 6, 2022 (#14). Currently pending is a Motion to Supplement Brief (#22) filed by Movant on June 9, 2023.

---

[1] Movant dismissed his claim that his appellate counsel was ineffective when he failed to amend his claims pending before the Fifth Circuit Court of Appeals (#15).

2

II.  Motion to Supplement Brief

Movant seeks leave to supplement his brief in support with respect to his first point of error in light of *United States v. Taylor*, 596 U.S. 845 (2022).  As the Government has filed no response in objection, the motion is granted and Movant's arguments will be considered.  This motion to vacate, set aside or correct sentence is now ripe for consideration.

III. Standard of Review

The first paragraph of 28 U.S.C. § 2255 sets out the claims which are cognizable under the statute.  These are: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum allowed by law; or (4) the sentence is otherwise subject to collateral attack.

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted.  *United States v. Frady*, 456 U.S. 152, 164-65 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991).  A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors.  *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for transgression of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of habeas

corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 33, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1995). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

III. Analysis

    A. Conspiracy to Commit 18 U.S.C. § 924(c)

In *United States v. Davis*, the Supreme Court struck down § 924(c)(3)(B), or the residual clause, for being "unconstitutionally vague." 588 U.S. 445, 469 (2019). Nevertheless, an offense may still be a "crime of violence" if it meets the definition contained within the "elements clause," § 924(c)(3)(A). *See United States v. Taylor*, 596 U.S. 845 (2022).

Movant, here, argues his conviction under Count One of the First Superseding Indictment for Conspiracy to Commit 924(c) - Use, Carry, Possess Firearms During, in Relation to, and in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(o), must be vacated as conspiracy does not consist of a crime of violence under the residual clause. Movant states:

> The Fifth Circuit has 'held that conspiracy to commit an offense is merely an agreement to commit an offense." *United States v. Davis*, 903 F.3d 483, 485 (5th Cir. 2018). Therefore, it does not meet or have an element in its language: [t]he attempt use [sic], threaten [sic] use of physical force against the person or property of another, under the force/element clause, § 924(c)(3)(A).

Movant's argument is premised on the faulty assumption that conspiracy was the predicate crime of violence; such is not the case. Count One of the First Superseding Indictment explicitly states:

> That from sometime in or about August 2014, and continuously thereafter up to and including October 12, 2016, in the Eastern District of Texas, defendants **Alton Latray Marshall**, **Jermaine Webster Harris**, **Derek Maurice Polk**, and **Kenneth DeMarcus Cash** did knowingly conspire, agree, with each other and others known

and unknown to the United States Grand Jury to use, carry, and possess firearms during, in relation to and in furtherance of a crime of violence, namely carjackings, in violation of 18 U.S.C. § 924(c).

All in violation of 18 U.S.C. § 924(o).

The Jury Instructions also specified carjacking as the predicate crime of violence:

Count One of the First Superseding Indictment charges the defendant with a violation of 18 U.S.C. § 924(o), conspiracy to use or carry a firearm during and in relation to a crime of violence or to possess a firearm in furtherance of a crime of violence.

Title 18, United States Code, Section 924(o), makes it a crime for anyone to knowingly use or carry a firearm during and in relation to a crime of violence or to possess a firearm in furtherance of a crime of violence.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person directly or indirectly reached an agreement to knowingly use or carry a firearm during and in relation to a crime of violence or to possess a firearm in furtherance of a crime of violence;

*Second*: That the crime of violence was carjacking, as defined in 18 U.S.C. § 2119, as alleged in Counts Four and/or Eight of the First Superseding Indictment; and

*Third*: That the defendant knew the purpose of the agreement and joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

I instruct you that carjacking is a crime of violence.

The key determination, then, is whether a § 2119 carjacking is deemed a crime of violence under § 924(c)(3)(A) or § 924(c)(3)(B). A review of precedent in the Fifth Circuit makes clear that "carjacking fits under the definition set forth in § 924(c)(3)(A)—it has an element the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. Jones*, 854 F.3d 737, 739-40 (5th Cir. 2017) (abrogated in part on other grounds

5

by *Davis*).[2] In *Jones*, the court noted that both the Fourth and Eleventh Circuits have similarly held carjacking to be a crime of violence under the elements clause as opposed to the residual clause. *Id*. at 740-41. *See In re Smith*, 829 F.3d 1276, 1280-81(11th Cir. 2016) (carjacking satisfies the force clause); *United States v. Evans*, F.3d 242, 247-48 (4th Cir. 2017) (carjacking is categorically a crime of violence under the force clause of § 924(c)(3))*; see also Lang*, 847 F. App'x at 234 (carjacking convictions, the predicates for § 924(c) convictions, *are* crimes of violence under § 924(c)(3)(A) (elements clause)); *In re Fields*, 831 F. App'x 710, 711 (5th Cir. 2020) ("carjacking remains a crime of violence post-*Davis,* as it 'has an element the use, attempted use, or threatened use of physical force.'"); *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021) (attempted carjacking categorically qualifies as a crime of violence under the elements clause but abrogated on other grounds by *Taylor*); *Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019) (carjacking qualifies as a crime of violence under § 924(c)(3)(A). Because carjacking is a crime of violence under the elements clause of § 924(c)(3)(A), as opposed to the residual clause of § 924(c)(3)(B), *Davis* has no impact on Movant's conviction under Count One. This claim is denied.

     B.    <u>Ineffective Assistance of Counsel</u>

In order to establish ineffective assistance of counsel, Movant must prove counsel's performance was deficient, and the deficient performance prejudiced Movant's defense. *Strickland*

---

[2] In addition to the holding cited above, the court in *Jones* held that § 924(c)(3)(B) was not unconstitutionally vague. *Id*. at 740. It is clear now that the Supreme Court's decision in *Davis* overrules that particular holding of the *Jones* court. Nonetheless, in this Circuit "alternative holdings are binding precedent and not obiter dicta." *Lang v. Johnson*, 847 F. App'x 233, 234 (5th Cir. 2021) (citing *United States v. Wallace*, 964F.3d 386, 390 (5th Cir. 2020)). Thus, the invalidation of the *Jones* court's holding on § 924(c)(3)(B)'s constitutionality has no impact on *Jones's* holding that a § 2119 carjacking is a crime of violence under the elements clause of § 924(c)(3)(A).

*v. Washington*, 466 U.S. 668, 689-92 (1984). Because Movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.; United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided reasonably effective assistance, Movant must prove his attorney's performance was objectively unreasonable in light of the facts of the movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, Movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Mere allegations of prejudice are insufficient; the movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

Here, Movant alleges counsel was ineffective for failing to cross examine a "key witness" in relation to the carjacking count. Movant complains "[c]ounsel asked the witness approximately five open and shut questions. None of which related specifically to movant's direct actions in regards to the carjacking offenses activity." Movant contends the lack of 'more direct, precise,

stated questions" directly affected the outcome of the trial. Specifically, Movant contends that trial counsel should have asked the government witnesses the following questions:

1. At any time during the home invasion, did any suspects ask you about your car or keys;
2. What exactly did the suspects ask for;
3. At the time the suspects took your keys or took control of your car, where were you located;
4. Do you believe they were there to steal your car or your belongings in your home or your safe? Jewelry, cash, etc;
5. After you were put in the bathroom, did you feel a threat?

Movant states further that when he pressed his trial counsel about why she did not more vigorously cross-examine one particular witness, she said that she did not want to "badger the government witness; due to his age." Movant contends counsel should have been more aggressive with the witnesses.

Decisions regarding cross-examination, however, are strategic and usually "will not support an ineffective assistance claim." *United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014) (citation omitted). Indeed, "[s]peculating about the effect of tinkering with the cross-examination questions is exactly the sort of hindsight that *Strickland* warns against." *See Castillo v. Stephens*, 640 F. App'x 283, 292 (5th Cir. 2016) (citing *Strickland*, 466 U.S. at 689).

Here, even assuming, without finding, that counsel was deficient in her cross-examination, Movant cannot show prejudice. On direct appeal, Movant challenged the sufficiency of the evidence as to his carjacking convictions under 18 U.S.C. § 2119. In evaluating the sufficiency of the evidence, the Fifth Circuit noted:

> In this case, [Movant's] co-conspirators testified as to the entire series of events during which [Movant] obtained possession of the vehicles, including the moments when he and his co-conspirators took control of the vehicles. Based on the trial testimony, a reasonable jury could conclude that, in both instances, at the moment [Movant] and his co-conspirators were taking each vehicle, [Movant] would have

> seriously harmed or killed the owner if necessary to take control of the vehicle. Such an inference is supported by evidence showing that [Movant] was in possession of a firearm when he took the vehicles, he pointed a firearm at each victim, he encouraged his co-conspirators to use physical violence against a victim if the victim did not comply, and [Movant] himself made threatening comments towards each victim. [Movant] entered each home with the intention of taking a vehicle, and the evidence supports the inference that he would have done whatever necessary to accomplish his goal.

With this testimony from his co-conspirators, Movant cannot show that a more vigorous cross-examination of the government's witness by trial counsel would have changed the outcome of his trial. Movant has not shown prejudice and this claim is denied.

IV. Conclusion

Movant's Motion to Supplement Brief (#22) is GRANTED. Movant's motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 is DENIED.

Furthermore, Movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires Movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, Movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of Movant, and the severity of the penalty

may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by Movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Thus, Movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Therefore, a certificate of appealability shall not be issued.

SIGNED at Beaumont, Texas, this 21st day of August, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE